1  LAURIE A. TRAKTMAN (SBN 165588)  JS-6
   **GILBERT & SACKMAN**
2  A Law Corporation
   3699 Wilshire Boulevard, Suite 1200
3  Los Angeles, California 90010-2732
   (323) 938-3000; Fax: (323) 937-9139
4  email: lat@gslaw.org

5  Attorneys for Plaintiffs

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

11 BOARD OF TRUSTEES OF THE           ) Case No. CV-10-3517 SVW (SHx)
   SHEET METAL WORKERS'               )
12 PENSION PLAN OF SOUTHERN           ) ORDER ON STIPULATION FOR
   CALIFORNIA, ARIZONA AND            ) JUDGMENT
13 NEVADA; BOARD OF TRUSTEES          )
   OF THE SHEET METAL WORKERS'        )
14 HEALTH PLAN OF SOUTHERN            )
   CALIFORNIA, ARIZONA AND            )
15 NEVADA; BOARD OF TRUSTEES          )
   OF THE SOUTHERN CALIFORNIA         )
16 SHEET METAL JOINT                  )
   APPRENTICESHIP AND TRAINING        )
17 COMMITTEE; BOARD OF                )
   TRUSTEES OF THE SHEET METAL        )
18 WORKERS' LOCAL 105 RETIREE         )
   HEALTH PLAN; BOARD OF              )
19 TRUSTEES OF THE SOUTHERN           )
   CALIFORNIA SHEET METAL             )
20 WORKERS' 401(A) PLAN; BOARD        )
   OF TRUSTEES OF THE SHEET           )
21 METAL WORKERS'                     )
   INTERNATIONAL ASSOCIATION,         )
22 LOCAL UNION NO. 105 UNION          )
   DUES CHECK-OFF FUND; AND           )
23 BOARD OF TRUSTEES OF THE           )
   SHEET METAL INDUSTRY FUND OF       )
24 LOS ANGELES,   Plaintiffs,         )
                                      )
25            v.                      )
                                      )
26 MATRIX AIR BALANCE, INC.; and      )
   STEVEN KOLL BROCKMAN, an           )
27 individual,                        )
                                      )
28      Defendants.                   )

Pursuant to the Stipulation by and between Plaintiffs, Board of Trustees of the Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada ("Pension Plan"); Board of Trustees of the Sheet Metal Workers' Health Plan of Southern California, Arizona and Nevada ("Health Plan"); Board of Trustees of the Southern California Sheet Metal Joint Apprenticeship and Training Committee ("JATC"); Board of Trustees of the Sheet Metal Workers' Local 105 Retiree Health Plan ("Retirees Plan"); Board of Trustees of the Southern California Sheet Metal Workers' 401(a) Plan ("401(a) Plan"); Board of Trustees of the Sheet Metal Workers' International Association, Local Union No. 105 Union Dues Check-off Fund ("Dues Fund"); and Board of Trustees of the Sheet Metal Industry Fund of Los Angeles ("Industry Fund") (collectively the "Plans" or "Trust Funds"), and defendant Steven Koll Brockman ("Individual Defendant") and Matrix Air Balance, Inc., ("Company"), the Court has considered the matter fully and concluded that good cause exists to approve the parties' Stipulation in its entirety.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Company and the Individual Defendant are indebted to the Plans in the total amount of $31,012.73 broken down as follows: an audit discrepancy in the amount of $7,034.35 for the audit period of June 2005 through September 2009; liquidated damages on the audit in the amount of $1,806.87; contributions in the amount of $9,362.70 for the delinquent work month of April 2010; the accrued liquidated damages in the amount of $1,872.54 for contributions for the work month of April 2010; interest in the amount of $936.27, and attorney's fees in the amount of $10,000.

2. Judgment may be entered in this case in favor of the Plans and against the Company and Defendants, jointly and severally, in the amount of $31,012.73 in delinquent employee benefit plan contributions, an audit, liquidated damages, attorney fees and costs, together with post-judgment interest thereon at the rate of 10% per annum as of the date of the Judgment.

///

3.     The Company and Individual Defendant may satisfy the judgment by paying, and shall pay, the Plans the sum of $20,076.46, composed of an audit discrepancy in the amount of $7,034.35 for the audit period of June 2005 through September 2009; liquidated damages on the audit in the amount of $1,806.87; contributions in the amount of $9,362.70 for the delinquent work month of April 2010; the accrued liquidated damages in the amount of $1,872.54 for contributions for the work month of April 2010, according to the following payment plan: five installments each in the amount of $4,015.29 to be paid beginning June 15, 2010 and continuing on the 15th day of each successive month until October 15, 2010. There will be an eye towards lessening the amount of liquidated damages assessed in this paragraph if the Defendants remain in compliance with the terms of this Stipulation and pay timely for the duration of the Stipulation.  Each and every installment payment must be made by fully negotiable check or cashier's check payable to the "Sheet Metal Workers Trust Funds," and must be received on the due dates stated above in the offices of the Sheet Metal Benefit Plan Administrative Corp., attention Tasi Hernandez, 111 N. Sepulveda Blvd., Ste. 100, Manhattan Beach, California 90266.

4.      In the event the Company and Individual Defendant, and any of them, fail to comply with any of the provisions set forth in paragraphs 5 or 8 above, or any other provision of this Stipulation, the entire amount of the judgment, less any payments actually received at the time of such default, shall become immediately due and payable to the Plans from the Company and Individual Defendant, plus interest on such unpaid amounts at the annual rate of twelve percent (12%).

5.      This Court may retain jurisdiction over this matter through November 2010 to enforce the terms of any judgment entered hereunder, to order appropriate injunctive and equitable relief, to make appropriate orders of contempt, and to increase the amount of judgment based upon additional sums owed to the Plans by defendants.  Supplemental judgments may be entered in this action against the Company and Individual Defendant and in favor of the Plans for such sums as may be determined by the Plans and established upon application to the Court by declaration and noticed motion.

6. The Plans shall have the right, upon twenty (20) days reasonable request made in writing, to audit or examine any books or records relating to the financial condition of the Company to ensure compliance with the terms of this Stipulation.

7. This Stipulation does not limit the Trust Funds' right to file additional court actions to collect any additional sums owed should the Trust Funds discover further moneys owed to the Plans.

8. In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

**IT IS SO ORDERED.**

Dated: 7/15/10  _____
Hon. Stephen V. Wilson