1  LAURIE A. TRAKTMAN (SBN 165588)
   **GILBERT & SACKMAN**
2  A Law Corporation
   3699 Wilshire Boulevard, Suite 1200
3  Los Angeles, California 90010-2732
   (323) 938-3000; Fax: (323) 937-9139
4  email: lat@gslaw.org

5  Attorneys for Plaintiffs



FILED
CLERK, U.S. DISTRICT COURT

NOV 17 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8              UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

11 | BOARD OF TRUSTEES OF THE         )   Case No. CV-10-3517 SVW (SHx)
   | SHEET METAL WORKERS'             )
12 | PENSION PLAN OF SOUTHERN         )   STIPULATION FOR JUDGMENT
   | CALIFORNIA, ARIZONA AND          )
13 | NEVADA; BOARD OF TRUSTEES        )
   | OF THE SHEET METAL WORKERS'      )
14 | HEALTH PLAN OF SOUTHERN          )
   | CALIFORNIA, ARIZONA AND          )
15 | NEVADA; BOARD OF TRUSTEES        )   NOTE CHANGES MADE BY THE COURT.
   | OF THE SOUTHERN CALIFORNIA       )
16 | SHEET METAL JOINT                )
   | APPRENTICESHIP AND TRAINING      )
17 | COMMITTEE; BOARD OF              )
   | TRUSTEES OF THE SHEET METAL      )
18 | WORKERS' LOCAL 105 RETIREE       )
   | HEALTH PLAN; BOARD OF            )
19 | TRUSTEES OF THE SOUTHERN         )
   | CALIFORNIA SHEET METAL           )
20 | WORKERS' 401(A) PLAN; BOARD      )
   | OF TRUSTEES OF THE SHEET         )
21 | METAL WORKERS'                   )
   | INTERNATIONAL ASSOCIATION,       )
22 | LOCAL UNION NO. 105 UNION        )
   | DUES CHECK-OFF FUND; AND         )
23 | BOARD OF TRUSTEES OF THE         )
   | SHEET METAL INDUSTRY FUND OF     )
24 | LOS ANGELES,   Plaintiffs,       )
                                      )
25            v.                      )
                                      )
26 | MATRIX AIR BALANCE, INC.; and    )
   | STEVEN KOLL BROCKMAN, an         )
27 | individual,                      )

28        Defendants.

1   IT IS HEREBY STIPULATED by and between Plaintiffs, Board of Trustees of
2   the Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada
3   ("Pension Plan"); Board of Trustees of the Sheet Metal Workers' Health Plan of
4   Southern California, Arizona and Nevada ("Health Plan"); Board of Trustees of the
5   Southern California Sheet Metal Joint Apprenticeship and Training Committee
6   ("JATC"); Board of Trustees of the Sheet Metal Workers' Local 105 Retiree Health
7   Plan ("Retirees Plan"); Board of Trustees of the Southern California Sheet Metal
8   Workers' 401(a) Plan ("401(a) Plan"); Board of Trustees of the Sheet Metal Workers'
9   International Association, Local Union No. 105 Union Dues Check-off Fund ("Dues
10  Fund"); and Board of Trustees of the Sheet Metal Industry Fund of Los Angeles
11  ("Industry Fund") (collectively the "Plans" or "Trust Funds"), and defendant Steven
12  Koll Brockman ("Individual Defendant") and Matrix Air Balance, Inc., ("Company"),
13  subject to the approval of this Court:

14  1.  The Company and the Individual Defendant are and/or have been parties to a
15  collective bargaining agreement with Sheet Metal Workers International Union, Local No.
16  105, which created an obligation to pay monthly employee benefit plan contributions to the
17  Plans.

18  2.  That the Company and the Individual Defendant are indebted to the Plans in
19  the total amount of $21,745.52 broken down as follows: contributions in the amount of
20  $11,342.71 for the delinquent work months of July and August 2010; the accrued liquidated
21  damages in the amount of $2,268.54 for the work months of July and August 2010; interest
22  in the amount of $1,134.27, and attorney's fees in the amount of $7,000.

23  3.  The Company and Individual Defendant remain delinquent in their required
24  payments of employee benefit plan contributions to the Plans for the work month of April
25  2010.

26  4.  Based on the foregoing, Judgment may be entered in this case in favor of the
27  Plans and against the Company and Defendants, jointly and severally, in the amount of
28  $21,745.52 in delinquent employee benefit plan contributions, an audit, liquidated

damages, attorney fees and costs, together with post-judgment interest thereon at the rate of 10% per annum as of the date of the Judgment.

5       The Company and Individual Defendant may satisfy the judgment by paying, and shall pay, the Plans the sum of $13,611.25, contributions in the amount of $11,342.71 for the delinquent work months of July and August 2010; the accrued liquidated damages in the amount of $2,268.54 for contributions for the work months of July and August 2010, according to the following payment plan: three installments each in the amount of $3,780.00 to be paid beginning November 20th, 2010 and continuing on the 20th day of each successive month until January 20th, 2011, followed by a final installment for accrued liquidated damages in the amount of $2,321.25 to be paid on February 20, 2011. There will be an eye towards lessening the amount of liquidated damages assessed in this paragraph if the Defendants remain in compliance with the terms of this Stipulation and pay timely for the duration of the Stipulation. Each and every installment payment must be made by fully negotiable check or cashier's check payable to the "Sheet Metal Workers Trust Funds," and must be received on the due dates stated above in the offices of the Sheet Metal Benefit Plan Administrative Corp., attention Tasi Hernandez, 111 N. Sepulveda Blvd., Ste. 100, Manhattan Beach, California 90266.

6.      The amounts listed as contributions due are based on reports submitted by the Company. This agreement is not intended to and does not prejudice the Plans' right to collect additional amounts if additional contributions are in fact due.

7.      Apportionment and crediting of all sums received by the Plans under or pursuant to this Stipulation for Judgment shall be at the sole and exclusive discretion of the Plans, consistent with federal law.

8.      The Company and Individual Defendant may be restrained and enjoined, for the period beginning with the month of November 2010 through March 2011, from failing or refusing:

    a.      to make payments of contributions to the Plans on the dates on which they fall due; and

    b. to submit to the Plans accurate and complete remittance reports on the dates on which they fall due, including, when applicable, "no hours" reports for months for which no covered work is performed.

    c. to submit to the Plans a monthly list of all construction jobs which at that time are in progress, were completed within the last 120 days, or are contemplated to be started within the next 30 days, and accounts receivables which should include, among others things, the following information: the proper names and addresses of the jobs on which the Company and/or Individual Defendant are working, the names and addresses of the owners of the jobs, the names and addresses of the general contractors on the job and the numbers of hours that each employee worked on the jobs, any certified payrolls, and the dates the jobs were completed or are expected to be completed, to the extent that such information is available.

9. This agreement is without prejudice to any Miller Act claims, mechanic's liens, or stop notices which may be filed by the Plans on jobs worked by the Company.

10. In the event the Company and Individual Defendant, and any of them, fail to comply with any of the provisions set forth in paragraphs 5 or 8 above, or any other provision of this Stipulation, the entire amount of the judgment, less any payments actually received at the time of such default, shall become immediately due and payable to the Plans from the Company and Individual Defendant, plus interest on such unpaid amounts at the annual rate of twelve percent (12%).

11. This Court may retain jurisdiction over this matter through March 2011 to enforce the terms of any judgment entered hereunder, to order appropriate injunctive and equitable relief, to make appropriate orders of contempt, and to increase the amount of judgment based upon additional sums owed to the Plans by defendants. Supplemental judgments may be entered in this action against the Company and Individual Defendant and in favor of the Plans for such sums as may be determined by the Plans and

4

1. established upon application to the Court by declaration and noticed motion.

12. The Plans shall have the right, upon twenty (20) days reasonable request made in writing, to audit or examine any books or records relating to the financial condition of the Company to ensure compliance with the terms of this Stipulation.

13. In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

Dated: 11/8/10

Respectfully submitted,

**GILBERT & SACKMAN**
A Law Corporation

By: _____
Laurie A. Traktman
Attorneys for Plaintiffs

Dated: 11/8/10

**MATRIX AIR BALANCE, INC.**

By: _____
Steven Koll Brockman, President

Dated: 11/8/10

**STEVEN KOLL BROCKMAN**

By: _____
Steven Koll Brockman, Individual

1  LAURIE A. TRAKTMAN (SBN 165588)
   **GILBERT & SACKMAN**
2  A Law Corporation
   3699 Wilshire Boulevard, Suite 1200
3  Los Angeles, California 90010-2732
   (323) 938-3000; Fax: (323) 937-9139
4  email: lat@gslaw.org

5  Attorneys for Plaintiffs

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11 BOARD OF TRUSTEES OF THE           )   Case No. CV-10-3517 SVW (SHx)
   SHEET METAL WORKERS'               )
12 PENSION PLAN OF SOUTHERN           )   ORDER ON STIPULATION FOR
   CALIFORNIA, ARIZONA AND            )   JUDGMENT
13 NEVADA; BOARD OF TRUSTEES          )
   OF THE SHEET METAL WORKERS'        )
14 HEALTH PLAN OF SOUTHERN            )
   CALIFORNIA, ARIZONA AND            )
15 NEVADA; BOARD OF TRUSTEES          )
   OF THE SOUTHERN CALIFORNIA         )
16 SHEET METAL JOINT                  )
   APPRENTICESHIP AND TRAINING        )
17 COMMITTEE; BOARD OF                )
   TRUSTEES OF THE SHEET METAL        )
18 WORKERS' LOCAL 105 RETIREE         )
   HEALTH PLAN; BOARD OF              )
19 TRUSTEES OF THE SOUTHERN           )
   CALIFORNIA SHEET METAL             )
20 WORKERS' 401(A) PLAN; BOARD        )
   OF TRUSTEES OF THE SHEET           )
21 METAL WORKERS'                     )
   INTERNATIONAL ASSOCIATION,         )
22 LOCAL UNION NO. 105 UNION          )
   DUES CHECK-OFF FUND; AND           )
23 BOARD OF TRUSTEES OF THE           )
   SHEET METAL INDUSTRY FUND OF )
24 LOS ANGELES,  Plaintiffs,          )
                                      )
25           v.                       )
                                      )
26 MATRIX AIR BALANCE, INC.; and      )
   STEVEN KOLL BROCKMAN, an           )
27 individual,                        )
                                      )
28      Defendants.                   )

1  Pursuant to the Stipulation by and between Plaintiffs, Board of Trustees of the Sheet Metal Workers' Pension Plan of Southern California, Arizona and Nevada ("Pension Plan"); Board of Trustees of the Sheet Metal Workers' Health Plan of Southern California, Arizona and Nevada ("Health Plan"); Board of Trustees of the Southern California Sheet Metal Joint Apprenticeship and Training Committee ("JATC"); Board of Trustees of the Sheet Metal Workers' Local 105 Retiree Health Plan ("Retirees Plan"); Board of Trustees of the Southern California Sheet Metal Workers' 401(a) Plan ("401(a) Plan"); Board of Trustees of the Sheet Metal Workers' International Association, Local Union No. 105 Union Dues Check-off Fund ("Dues Fund"); and Board of Trustees of the Sheet Metal Industry Fund of Los Angeles ("Industry Fund") (collectively the "Plans" or "Trust Funds"), and defendant Steven Koll Brockman ("Individual Defendant") and Matrix Air Balance, Inc., ("Company"), the Court has considered the matter fully and concluded that good cause exists to approve the parties' Stipulation in its entirety.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Company and the Individual Defendant are indebted to the Plans in the total amount of $21,745.52 broken down as follows: contributions in the amount of $11,342.71 for the delinquent work months of July and August 2010; the accrued liquidated damages in the amount of $2,268.54 for the work months of July and August 2010; interest in the amount of $1,134.27, and attorney's fees in the amount of $7,000.

2. Judgment may be entered in this case in favor of the Plans and against the Company and Defendants, jointly and severally, in the amount of $21,745.52 in delinquent employee benefit plan contributions, an audit, liquidated damages, attorney fees and costs, together with post-judgment interest thereon at the rate of 10% per annum as of the date of the Judgment.

3. The Company and Individual Defendant may satisfy the judgment by paying, and shall pay, the Plans the sum of $13,611.25, contributions in the amount of $11,342.71

for the delinquent work months of July and August 2010; the accrued liquidated damages in the amount of $2,268.54 for contributions for the work months of July and August 2010, according to the following payment plan: three installments each in the amount of $3,780.00 to be paid beginning November 20th, 2010 and continuing on the 20th day of each successive month until January 20th, 2011, followed by a final installment for accrued liquidated damages in the amount of $2,321.25 to be paid on February 20, 2011. There will be an eye towards lessening the amount of liquidated damages assessed in this paragraph if the Defendants remain in compliance with the terms of this Stipulation and pay timely for the duration of the Stipulation. Each and every installment payment must be made by fully negotiable check or cashier's check payable to the "Sheet Metal Workers Trust Funds," and must be received on the due dates stated above in the offices of the Sheet Metal Benefit Plan Administrative Corp., attention Tasi Hernandez, 111 N. Sepulveda Blvd., Ste. 100, Manhattan Beach, California 90266.

4. In the event the Company and Individual Defendant, and any of them, fail to comply with any of the provisions set forth in paragraphs 5 or 8 above, or any other provision of this Stipulation, the entire amount of the judgment, less any payments actually received at the time of such default, shall become immediately due and payable to the Plans from the Company and Individual Defendant, plus interest on such unpaid amounts at the annual rate of twelve percent (12%).

5. This Court may retain jurisdiction over this matter through March 2011 to enforce the terms of any judgment entered hereunder, to order appropriate injunctive and equitable relief, to make appropriate orders of contempt, and to increase the amount of judgment based upon additional sums owed to the Plans by defendants. Supplemental judgments may be entered in this action against the Company and Individual Defendant and in favor of the Plans for such sums as may be determined by the Plans and established upon application to the Court by declaration and noticed motion.

6. The Plans shall have the right, upon twenty (20) days reasonable request made in writing, to audit or examine any books or records relating to the financial condition

3

1. of the Company to ensure compliance with the terms of this Stipulation.

2. 7.    This Stipulation does not limit the Trust Funds' right to file additional court actions to collect any additional sums owed should the Trust Funds discover further moneys owed to them.

3. 8.    In the event any litigation becomes necessary to enforce any term or terms of this Stipulation, the prevailing party or parties shall be awarded and shall recover all reasonable attorneys' fees and costs of suit.

**IT IS SO ORDERED.**

Dated: 11/15/10

_____
Hon. Stephen V. Wilson